Judge Logan
delivered the opinion of the court.
Dillon, the appellee, obtained from a justice of the peace an attachment against the goods and chattels of Kennedy, upon complaint made, that he “hath so absconded that the ordinary process of law cannot be served on him,.'’'’ '
Two questions are made, 1st, whether, upon the case thus stated, the attachment was properly awarded? And 2dly, if not, whether, after pleading that the appellant did not so abscond that the ordinary process of law could not be served on him, and a verdict for the plaintiff, the objection can be sustained?
With respect to the first question, the statute provides, “that it shall be lawful for any justice of the peace, upon to him made by any person, that his debtor is removin§ out of tlle county privately, or absconds and con-eeals himself so that the ordinary process of law cannot *355 be served on him, to grant an attachment against the estate of such debtor.” '
^cas„ not wiihm “ the provisions statute taehmentsf cannot by Pleiyl!ns *?e ⅛
pope for appellant.
It has been decided that the provisions of this statute ought to be strictly pursued, it being a summary and extraordinary remedy in special cases, which the ordinary process of law was supposed inadequate to reach.
If the debtor were in fact removing privately, or so ab-r sconding and concealing himself that the ordinary process of law could not be served on him, another remedy became necessary for the purposes of justice, for as he could not be found and proceeded against personally, the office of the law would, by his' own act, be rendered ineffectual, unless the proceeding against his estate was warranted. But it is in the present tense — upon the then absconding situation of the debtor that the statute applies, and not to the past, that he hath absconded.
When once his removal is effected, and he becomes the inhabitant of another county, in that county, without regarding the manner of his removal, he may be proceeded agaiqst in the ordinary way. And if he should there so abscond and conceal himself, that the ordinary process of law could not be served on hint, he would then come under the provisions of this statute, because he would be eluding the ordinary remedy. But his having once done so, does not always subject him to this extraordinary procedure. It has, therefore, been held, that upon complaint that the defendant Uhath removed out of the county, so that the ordinary process of law cannot be served on him,” would sustain the proceeding by attachment. Hard. 95.
And upon the second point, we are of opinion, that a case not within the provision of the act, cannot, by the plead-⅛⅝⅛ rendered legal.
The judgment must, therefore, be reversed with cost.